| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
| Caption in Compliance with D.N.J. LBR 9004-2(c)<br>MINION & SHERMAN<br>By:   Stuart D. Minion, Esq. – ID#039741991<br>33 Clinton Road, Suite 105<br>West Caldwell, New Jersey 07006<br>(973) 882-2424 | **Order Filed on April 3, 2020<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey** |
| SHARON TRUFFIN,<br><br>　　　　　　　　　Debtor | Case No.:19-23622 JKS<br><br>Chapter 13<br><br>Hearing Date:  3/26/2020<br><br>Judge:  John K. Sherwood |

Recommended Local Form has been modified

## ORDER AUTHORIZING SALE OF REAL PROPERTY

The relief set forth on the following pages, numbered <u>Two (2)</u> through <u>Three (3)</u> is hereby **ORDERED**.

**DATED: April 3, 2020**

_____

Honorable John K. Sherwood
United States Bankruptcy Court

(Page 2)
**Debtor: Sharon Truffin**
**Case No: 19-23622 JKS**
**Caption of Order: ORDER AUTHORIZING SALE OF REAL PROPERTY**

1. The Debtor is authorized to sell the Real Property, located at 8 Meadow Lane, Roseland, New Jersey 07068, upon the terms and conditions of the Contract for Sale for $850,000.00 to 5 Staff, LLC pursuant to 11 U.S.C. §§ 363(b) and 1303.

2. The proceeds of sale shall be applied to pay, in full at closing, the first mortgage on the real property which is held by Bayview Funding pursuant to a payoff statement issued in the normal course.

3. Sufficient funds may be held in escrow by the Debtor's attorney to pay real estate counsel and broker's commissions, if said counsel and broker have not already been approved by this court. If said counsel and/or broker have been approved by this court in advance of the sale, the counsel and broker shall be paid at closing in the normal course.

4. Other normal and ordinary closing fees and adjustments including realty transfer taxes payable by the Debtor and non-filing co-owner may be satisfied from the proceeds of sale in the normal course. This includes any liens against non-filing co-owner.

5. A copy of the HUD/CD/Alta settlement statement shall be forwarded to the Chapter 13 Standing Trustee five days after closing.

6. Other provisions:

    A. Debtor's counsel is hereby allowed a legal fee of $1,000.00 for the representation of the Debtors in connection with this motion.

    B. 50% of the net proceeds after payment of all mortgages and the aforementioned closing costs shall be distributed to the non-debtor spouse, Carlos Truffin.

(Page 3)
**Debtor: SHARON TRUFFIN**
**Case No: 19-23622 JKS**
**Caption of Order: ORDER AUTHORIZING SALE OF REAL PROPERTY**

___

    C. 50% of the net proceeds after payment of all mortgages and the aforementioned closing costs, representing Debtor's share shall be distributed as follows:

    1. The balance of Debtor's share shall be paid to Marie-Ann Greenberg, Chapter 13 Standing Trustee, to be distributed in accordance with debtor's Chapter 13 plan or in the alterative the Debtor shall pay the amount necessary to pay off the debtor's chapter 13 plan.

    D. If necessary, Debtor shall file a Modified Chapter 13 Plan within 30 days from the date of closing.

    E. The 14 day stay of Bankruptcy Rule 6004(h) is waived.

 7. The sale must be completed within one-hunred twenty (120) days of the entry of this Order.